FILED by MDC D.C.
ELECTRONIC
MAR. 4, 2010
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. **10-20124-CR-KING/BANDSTRA**

18 U.S.C. § 371
18 U.S.C. § 1030(a)(2)(C) and (c)(2)(B)(i)
18 U.S.C. § 1028A(a)(1)
18 U.S.C. § 2

UNITED STATES OF AMERICA

v.

**RUBEN RODRIGUEZ** and
**MARIA VICTORIA SUAREZ,**

        Defendants.
_____/

## INDICTMENT

The Grand Jury charges that:

### GENERAL ALLEGATIONS

At all times relevant to this Indictment:

1. Randle Eastern Ambulance Service, Inc. d/b/a American Medical Response ("AMR") was an ambulance service provider with offices in Miami-Dade County, Florida. AMR provided emergency and non-emergency medical transport services in Miami-Dade County.

2. Co-conspirator A was employed by AMR from on or about May 23, 1994, to on or about February 10, 2010. Leading up to Co-conspirator A's termination on February 10, 2010, Co-conspirator A was authorized to access AMR computers for the purpose of performing her job duties. Co-conspirator A was not authorized to access AMR computers for the purpose of stealing personal identification information of individuals transported by AMR.

3. Defendants **RUBEN RODRIGUEZ** and **MARIA VICTORIA SUAREZ**, husband and

wife, were associates of Co-conspirator A. Neither **RODRIGUEZ** nor **SUAREZ** was authorized to access, directly or through others, AMR computers for any purpose.

## COUNT 1
## Conspiracy
## (18 U.S.C. § 371)

1. Paragraphs 1 through 3 of the General Allegations section of this Indictment are realleged and incorporated by reference as if fully set forth herein.

2. From in or around August 1995, and continuing through on or about April 3, 2009, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**RUBEN RODRIGUEZ**
**and**
**MARIA VICTORIA SUAREZ,**

did willfully, that is, with the intent to further the objects of the conspiracy, and knowingly combine, conspire, confederate, and agree with Co-conspirator A and others, known and unknown to the Grand Jury, to commit certain offenses against the United States, namely:

a. to intentionally access a computer without authorization and exceed authorized access, and thereby obtain information from a protected computer, in violation of Title 18, United States Code, Section 1030(a)(2)(C) and (c)(2)(B)(i);

b. to knowingly transfer, possess and use, without lawful authority, a means of identification of another person, during and in relation to a felony violation of Title 18, United States Code, Section 1030(a)(2)(C) and (c)(2)(B)(i), in violation of Title 18, United States Code, Section 1028A(a)(1).

## PURPOSE OF THE CONSPIRACY

3. The purpose of the conspiracy was for the defendants, Co-conspirator A, and their co-

conspirators, to unlawfully enrich themselves by: (a) stealing personal identification information of individuals transported by AMR, including, among other information, the individuals' names, addresses, and telephone numbers; and (b) selling the individuals' information.

## MANNER AND MEANS OF THE CONSPIRACY

The manner and means by which **RUBEN RODRIGUEZ, MARIA VICTORIA SUAREZ**, Co-conspirator A, and their co-conspirators sought to accomplish the objects and purpose of the conspiracy included, among others, the following:

4. **RUBEN RODRIGUEZ** met with Co-conspirator A to discuss a business proposition whereby Co-conspirator A would steal personal identification information of individuals transported by AMR, including such information as individuals' names, addresses, and telephone numbers, and then sell that information to **RODRIGUEZ**.

5. Co-conspirator A exceeded her authorized access to AMR's computer system to obtain personal identification information pertaining to individuals transported by AMR.

6. As proposed by **RUBEN RODRIGUEZ**, Co-conspirator A then sold the personal identification information she had obtained from AMR to **RODRIGUEZ** and **MARIA VICTORIA SUAREZ**.

7. **RUBEN RODRIGUEZ** and **MARIA VICTORIA SUAREZ** then sold the personal identification information purchased from Co-conspirator A to: (a) attorneys, who would use the personal identification information to improperly solicit individuals transported by AMR with hopes of representing them in future legal proceedings; and (b) clinics, who would use the personal identification information to improperly solicit individuals transported by AMR with hopes of providing them medical services.

## OVERT ACTS

In furtherance of the conspiracy and to effect the objects and purpose thereof, the following overt acts, among others, were committed and caused to be committed in Miami-Dade County, in the Southern District of Florida, and elsewhere, by the defendants, Co-conspirator A, and their co-conspirators:

1. In or around August 1995, **RUBEN RODRIGUEZ** met with Co-conspirator A to propose that Co-conspirator A illegally access and obtain personal identification information of individuals transported by AMR and sell said information to **RODRIGUEZ**.

2. In or around August 1995, Co-conspirator A first illegally accessed and obtained personal identification information of individuals transported by AMR.

3. In or around 2006, **RUBEN RODRIGUEZ** introduced Co-conspirator A to **MARIA VICTORIA SUAREZ**, who, along with **RODRIGUEZ**, paid Co-conspirator A to illegally access and obtain personal identification information of individuals transported by AMR.

4. On or about December 18, 2006, **RUBEN RODRIGUEZ** paid Co-conspirator A $2,000 in exchange for the personal identification information of individuals transported by AMR.

5. On or about September 20, 2007, **RUBEN RODRIGUEZ** paid Co-conspirator A $2,000 in exchange for the personal identification information of individuals transported by AMR.

6. On or about December 7, 2007, **RUBEN RODRIGUEZ** paid Co-conspirator A $1,000 in exchange for the personal identification information of individuals transported by AMR.

7. On or about August 5, 2008, Co-conspirator A accessed AMR databases and, without authorization, obtained personal identification information of an individual, identified by the initials E.K.

8. On or about August 7, 2008, Co-conspirator A accessed AMR databases and, without authorization, obtained personal identification information of an individual, identified by the initials K.W.

9. On or about August 15, 2008, Co-conspirator A accessed AMR databases and, without authorization, obtained personal identification information of an individual, identified by the initials D.L.

10. On or about April 3, 2009, **MARIA VICTORIA SUAREZ** paid Co-conspirator A $2,000 in exchange for the personal identification information of individuals transported by AMR.

All in violation of Title 18, United States Code, Section 371.

## COUNT 2
### Fraud in Connection with Computers
### (18 U.S.C. § 1030(a)(2)(C) and (c)(2)(B)(i))

1. Paragraphs 1 through 3 of the General Allegations section of this Indictment are realleged and incorporated by reference as if fully set forth herein.

2. From in or around August 1995, and continuing through on or about April 3, 2009, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**RUBEN RODRIGUEZ**
**and**
**MARIA VICTORIA SUAREZ,**

intentionally accessed a computer without authorization and exceeded authorized access and aided and abetted such access, and thereby obtained information from a protected computer, in violation of Title 18, United States Code, Sections 1030(a)(2)(C) and (c)(2)(B)(i), and 2.

## COUNTS 3-5
### Aggravated Identity Theft
### (18 U.S.C. § 1028A(a)(1))

1. Paragraphs 1 through 3 of the General Allegations section of this Indictment are realleged and incorporated by reference as if fully set forth herein.

2. On or about the dates set forth below, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**RUBEN RODRIGUEZ**
and
**MARIA VICTORIA SUAREZ,**

during and in relation to a felony violation of Title 18, United States Code, Section 1030(a)(2)(C), did knowingly transfer, possess and use, without lawful authority, a means of identification of another person, to wit, names of individuals transported by AMR, as set forth in the individual counts below:

| COUNT | APPROX. DATE | MEANS OF IDENTIFICATION |
|-------|-------------|------------------------|
| 3 | 08/05/08 | E.K.'s name |
| 4 | 08/07/08 | K.W.'s name |
| 5 | 08/15/08 | D.L.'s name |

In violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

A TRUE BILL

_____
GRAND JURY FOREPERSON

_____
JEFFREY H. SLOMAN
UNITED STATES ATTORNEY

_____
O. BENTON CURTIS III
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

vs.

RUBEN RODRIGUEZ
and MARIA VICTORIA SUAREZ,

                **Defendants.**
_____/

CASE NO. _____

## CERTIFICATE OF TRIAL ATTORNEY*

**Superseding Case Information:**

**Court Division:** (Select One)

| | | | | |
|---|---|---|---|---|
| X | Miami | ___ | Key West | |
| ___ | FTL | ___ | WPB | ___ FTP |

New Defendant(s)        Yes ___   No ___
Number of New Defendants  ___
Total number of counts    ___

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter: (Yes or No)    Yes
   List language and/or dialect    Spanish

4. This case will take   4-5   days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)

   | | | | | |
   |---|---|---|---|---|
   | I | 0 to 5 days | X | Petty | ___ |
   | II | 6 to 10 days | ___ | Minor | ___ |
   | III | 11 to 20 days | ___ | Misdem. | ___ |
   | IV | 21 to 60 days | ___ | Felony | X |
   | V | 61 days and over | ___ | | |

6. Has this case been previously filed in this District Court? (Yes or No)   No
   If yes:
   Judge: _____   Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter?   (Yes or No)   No
   If yes:
   Magistrate Case No. _____
   Related Miscellaneous numbers: 09-20623-CR-LENARD(s)(s)
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the _____  District of _____

   Is this a potential death penalty case? (Yes or No)   No

7. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003? ___ Yes   X  No

8. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007? ___ Yes   X  No

_____
O. BENTON CURTIS III
ASSISTANT UNITED STATES ATTORNEY
District Court No. A5501022

*Penalty Sheet(s) attached

REV 4/8/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** RUBEN RODRIGUEZ

**Case No:** _____

Count #: 1

Conspiracy to Commit Offense or to Defraud United States

Title 18, United States Code, Section 371

**\* Max.Penalty:** Five (5) years' imprisonment

Count #: 2

Fraud in Connection with Computers

Title 18, United States Code, Section 1030(a)(2)(C) and(c)(2)(B)(i)

**\*Max. Penalty:** Five (5) years' imprisonment

Counts #: 3 - 5

Aggravated Identity Theft

Title 18, United States Code, Section 1028A(a)(1)

**\*Max. Penalty:** Two (2) years' imprisonment per count, consecutive to any other count

Count #:

_____

_____

**\*Max. Penalty:**

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: MARIA VICTORIA SUAREZ

**Case No**: 

Count #: 1

Conspiracy to Commit Offense or to Defraud United States

Title 18, United States Code, Section 371

*** Max.Penalty**: Five (5) years' imprisonment

Count #: 2

Fraud in Connection with Computers

Title 18, United States Code, Section 1030(a)(2)(C) and(c)(2)(B)(i)

***Max. Penalty**: Five (5) years' imprisonment

Counts #: 3 - 5

Aggravated Identity Theft

Title 18, United States Code, Section 1028A(a)(1)

***Max. Penalty**: Two (2) years' imprisonment per count, consecutive to any other count

Count #:

***Max. Penalty**:

***Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**